IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BOWERSOX )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>COMMONWEALTH OF PENNSYLVANIA )<br>DEPARTMENT OF CORRECTIONS; )<br>MATTHEW VOZNIAK, )<br>WILLIAM YORK and JOHN DOE, )<br>  )<br>  Defendants. ) | C.A. No.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff SUSAN BOWERSOX, by and through her attorney, MARGARET S. COLEMAN and the LAW OFFICES OF TIMOTHY P. O'BRIEN submits the following Complaint in Civil Action, and in support thereof avers as follows:

I) INTRODUCTION

1. This Complaint alleges that Defendant Pennsylvania Department of Corrections violated Plaintiff Susan Bowersox's statutory and constitutional right to be free from discrimination based on her sex and her age when it terminated her employment. This Complaint further alleges that Ms. Bowersox was terminated in retaliation for complaining about age and sex discrimination including the filing of an EEOC charge of discrimination.

II) <u>JURISDICTION</u>

2. The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3. All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC section 1291(B).

III) <u>PARTIES</u>

4. Plaintiff Susan Bowersox is an adult individual who resides in Centre County Pennsylvania.

5. Defendant Commonwealth of Pennsylvania Department of Corrections (DOC) is an agency of the Commonwealth of Pennsylvania responsible for administering Pennsylvania's correctional institutions.

6. At all times relevant hereto, DOC was an "employer" as that term has been defined by the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

7. Defendant Matthew Vozniak is an adult individual who resides in the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant Vozniak was employed in the position of Pennsylvania Department of Corrections Laundry Supervisor and was, with respect to the events alleged herein, acting under color of state law and in

accordance with the customs, practices and/or policies of the Defendant DOC. He is sued in his individual and official capacities.

8. Defendant Vozniak was Plaintiff's supervisor and was responsible for making decisions affecting her employment including the decision to discipline and terminate her.

9. Defendant William York is an adult individual who resides in the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant York was employed as the Pennsylvania Department of Corrections Laundry Manager and was, with respect to the events alleged herein, acting under color of state law and in accordance with the customs, practices and/or policies of the Defendant DOC. He is sued in his individual and official capacities.

10. Defendant York was Plaintiff's supervisor and was responsible for making decisions affecting her employment including the decision to discipline and terminate her.

11. The identify of Defendant John Doe is not presently known to Plaintiff. Defendant John Doe is believed to be an employee of the Department of Correction and was, with respect to the events alleged herein, acting under color of state law and in accordance with the customs, practices and/or policies of the Defendant DOC. He is sued in his individual and official capacities.

12. Defendant Doe was Plaintiff's was responsible for making decisions affecting her employment including the decision to terminate her.

IV) <u>FACTS</u>

13. In October of 2014, Plaintiff, Susan Bowersox filed a Charge of Discrimination against Defendant DOC alleging that the DOC had repeatedly failed to hire her for an Equipment Operator position and had hired equal or less-qualified younger men instead.

14. On February 2, 2015 the EEOC issued a Dismissal and Notice of Rights to Ms. Bowersox regarding her October 2014 charge.

15. In or about August of 2015 Defendant DOC hired Ms. Bowersox as an Equipment Operator.

16. Ms. Bowersox primary job responsibility as an Equipment Operator was to drive a tractor trailer and/or large box truck to deliver clean and pick up soiled laundry at various DOC institutions, state hospitals and veterans homes.

17. Ms. Bowersox possessed all of the requisite qualifications for this position including a Class A CDL driver's license.

18. At the time she was hired, Ms. Bowersox was the only woman employed by DOC as an Equipment Operator.

19. After Ms. Bowersox was hired by DOC as an Equipment Operator she was subjected to disparate treatment as compared to similarly situated younger male employees including excessive scrutiny of her work performance and unfair negative evaluations of her work performance.

20. Defendants subjected Ms. Bowersox to corrective action for infractions which her younger male coworkers committed without discipline.

21. Defendants failed to provide Ms. Bowersox with the same level of training and opportunity to become proficient at the Equipment Operator position as was afforded her younger male coworkers.

22. Defendants removed Ms. Bowersox from her position as an Equipment Operator and assigned her to work inside the laundry facility based on a male coworker's false allegations that she "did not know what she was doing" and drove her truck in an unsafe manner.

23. Defendants failed to adequately investigate the false allegations of the male coworker, many of which could have easily been disproven through review of DOC security videos.

24. On July 28, 2016 Ms. Bowersox was terminated based in whole or in substantial part on these false allegations.

25. The reasons given for Ms. Bowersox's termination were a pretext for unlawful discrimination based on her age and/or sex.

V) <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

26. Prior to filing this lawsuit, Ms. Bowersox exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission

(PHRC). A copy of the charge of discrimination filed on behalf of Ms. Bowersox is attached hereto as Exhibit 1 and made a part hereof.

27. Ms. Bowersox has received a "Dismissal and Notice of Rights" letter from the Equal Employment Opportunity Commission which is attached as Exhibit 2 and made a part hereof.

VI) <u>CLAIMS</u>

28. As a result of the conduct of Defendant Commonwealth of Pennsylvania Department of Corrections, as hereinbefore described, Ms. Bowersox has been denied her right to be free from sex discrimination as protected by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

29. As a result of the conduct of Defendants Commonwealth of Pennsylvania Department of Corrections, Matthew Vozniak and William York, and John Doe, as hereinbefore described, Ms. Bowersox has been denied her right to be free from age and sex discrimination as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.

30. 27. As a result of the conduct of Matthew Vozniak and William York, and John Doe as hereinbefore described, Ms. Bowersox has been denied her right to be free from sex discrimination as protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and made actionable against Defendants pursuant to 42 U.S.C. § 1983.

31. As a result of Defendants' conduct, as hereinbefore described, Ms. Bowersox has suffered lost wages, benefits, and other remuneration.

32. As a result of Defendants' conduct, as hereinbefore described, Ms. Bowersox has suffered embarrassment, humiliation, and emotional distress.

33. Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Ms. Bowersox federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor for compensatory and/or punitive damages and award her such other relief as is appropriate and equitable under the circumstances and to award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff